# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | ED CV 24-0770 FMO (SPx) | Date | November 18, 2024 |
|---|---|---|---|
| Title | Ryan Lukman v. Safe Haven Security Services, LLC | | |

Present: The Honorable  Fernando M. Olguin, United States District Judge

| Vanessa Figueroa | None | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Plaintiff(s):  Attorney Present for Defendant(s):

None Present                         None Present

**Proceedings:**     (In Chambers) Order to Show Cause Re: Remand

Jurisdiction in this case is asserted on the basis of the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).  (See Dkt. 1, Notice of Removal ("NOR") at ¶ 1).  "CAFA provides expanded original diversity jurisdiction for class actions meeting the amount in controversy and minimal diversity and numerosity requirements set forth in 28 U.S.C. § 1332(d)(2)."  United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co., 602 F.3d 1087, 1090-91 (9th Cir. 2010).  Under that provision, "district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant[.]"  28 U.S.C. § 1332(d)(2).

Having reviewed the NOR, the court questions whether the claims of the individual class members exceed $5,000,000 in the aggregate.  See 28 U.S.C. § 1332(d)(2); Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S.Ct. 547, 554 (2014) ("Evidence establishing the amount is required . . . when the plaintiff contests, or the court questions, the defendant's allegation.").

Accordingly, IT IS ORDERED that:

1. No later than **November 26, 2024,** defendant shall show cause in writing why this action should not be remanded for the reasons noted above.  **Failure to respond to the OSC by the deadline set forth above shall be deemed as consent to the remand of the action to state court.**

2. Plaintiffs shall file a reply to defendant's OSC response no later than **December 3, 2024.**

3. A copy of all papers filed with the court shall be delivered to the drop box for Judge Olguin outside the Clerk's Office, located on the fourth floor of the First Street Courthouse, **no later than 12:00 noon the following business day**.  All chambers copies shall comply fully with the document formatting requirements of Local Rule 11-3, including the "backing" requirements

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | ED CV 24-0770 FMO (SPx) | Date | November 18, 2024 |
|---|---|---|---|
| Title | Ryan Lukman v. Safe Haven Security Services, LLC | | |

of Local Rule 11-3.5.  Counsel may be subject to sanctions for failure to deliver a mandatory chambers copy in full compliance with this Order and Local Rule 11-3.

|  |  | 00 | : | 00 |
|---|---|---|---|---|
|  | Initials of Preparer | | vdr | |